IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD C. BELL,

    Petitioner,

v.

GARY SWARTHOUT, Warden,

    Respondent.

No. C 12-05617 SBA (PR)

**ORDER OF DISMISSAL**

    This is a habeas action brought pro se by a state prisoner challenging a state court criminal conviction. Petitioner, however, filed a prior action attacking the same judgment, Case No. C 94-0298 EFL (PR). In his previous action, the Court denied Petitioner's petition for a writ of habeas corpus and issued judgment in favor of Respondent on November 17, 1995. Petitioner then filed a notice of appeal and a request for a certificate of probable cause to appeal.[1] The Court denied Petitioner's request for a certificate of probable cause.

    On November 24, 1995, Petitioner filed a request for a certificate of probable cause in the Ninth Circuit Court of Appeals. On March 15, 1996, the Ninth Circuit denied his request for a certificate of probable cause and issued its mandate on March 22, 1996.

    On November 14, 1996, Petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). On December 17, 1996, the Court denied Petitioner's Rule 60(b) motion. On September 9, 1997, Petitioner filed another notice of appeal and request for a certificate of probable cause to appeal. On September 15, 1997, the Court denied Petitioner's request for a certificate of probable cause.

    On September 23, 1997, Petitioner filed another request for a certificate of probable cause in the Ninth Circuit. On December 17, 1997, the Ninth Circuit again denied his request for a certificate of probable cause and issued its mandate on December 23, 1997.

---

[1] Unless a circuit justice or judge issues a certificate of appealability (formerly known as a certificate of probable cause to appeal), a petitioner may not take an appeal to the court of appeals from: (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1).

1    In the instant action, Petitioner did not file a habeas corpus petition form.  Instead, he has
2 filed yet another motion for reconsideration (Rule 60(b) motion) of the Court's denial of his
3 previously-filed habeas petition.  Petitioner did not include his previous action's case number, Case
4 No. C 94-0298 EFL (PR), in the caption of the motion; therefore, it was opened as a new action.

5    Petitioner has also filed an application to proceed in forma pauperis ("IFP").  Petitioner's
6 application to proceed IFP (docket no. 3) is GRANTED.

7    On August 22, 2013, the Clerk of the Court sent a notice to Petitioner informing him that his
8 action could not go forward until he filed with the Court a habeas corpus petition form, completed in
9 full, within twenty-eight days or his action would be dismissed.  He was also provided a blank
10 habeas corpus petition form.  To date, Petitioner has not filed a completed orm.  Instead, on
11 September 4, 2013, Petitioner filed a letter indicating that he intends to go forward on a motion to
12 vacate the Court's judgment in his previous action, Case No. C 94-0298 EFL (PR), under Rule 60(b).

### DISCUSSION

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence raised in a pending petition.  See 28 U.S.C. § 2244(b)(1); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999).  Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).

Here, although Petitioner has filed a motion to vacate under Rule 60(b) instead of a petition, his motion remains barred as second or successive.  The United States Supreme Court has held that a Rule 60(b) motion that asserts a basis for relief from a state court's judgment of conviction, is, if not in substance a successive habeas petition, at least similar enough that failing to subject it to the same requirements would be inconsistent with the habeas statute; in short, labeling a filing as a Rule 60(b) motion does not avoid the rules for second or successive petitions.  See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005).

**United States District Court**
For the Northern District of California

1      Accordingly, the Court finds that Petitioner's Rule 60(b) motion is second or successive. As mentioned above, a habeas petitioner may not file a second or successive petition unless he or she first obtains from the appropriate United States Court of Appeals an order authorizing the filing. See 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained such an order from the Ninth Circuit. Therefore, the Rule 60(b) motion (docket no. 1) will not be considered, and this action is DISMISSED WITHOUT PREJUDICE to filing a new petition if Petitioner obtains the necessary authorization.

    The Clerk shall close the file, terminate all pending motions, and enter judgment in this matter.

    This Order terminates Docket Nos. 1 and 3.

    IT IS SO ORDERED.

DATED:  9/30/13

SAUNDRA BROWN ARMSTRONG
United States District Judge